MURDOCK ET AL., APPELLANTS, *v.* SUCCESSION OF BOUDENS ET AL., RESPONDENTS.

APPEAL from the District Court of Humacao.

No. 847.—Decided June 28, 1913.

TACIT MORTGAGE—PARAPHERNAL PROPERTY—DELIVERY OF WIFE'S PROPERTY TO HUSBAND.—According to Law 17, Title XI, *Partida* IV, the mere existence of paraphernal property does not imply *ipso facto* that the husband's property is subject to a tacit mortgage for the value of the paraphernal property, but it is necessary that an express delivery of the paraphernal property shall have been made to the husband in order that said tacit mortgage may exist.

DELIVERY OF PARAPHERNAL PROPERTY TO HUSBAND — INSUFFICIENCY OF COMPLAINT—CONCLUSION OF LAW.—The allegation in a complaint that the husband expressly received the paraphernal property of his wife constitutes a conclusion of law, it being necessary to allege the date of the delivery and the form and manner in which the husband received the property, a public instrument executed by the husband acknowledging the receipt by him of said property not being equivalent to this special and express delivery.

The facts are stated in the opinion.

*Messrs. López Landrón, Rincón* and *Francis* for appellants.

*Messrs. Alvarez Nava* and *Domínguez* for The Yabucoa Cugar Co.

The other respondents did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

The complaint in this action was filed by the daughters

of Luisa Cora Hernández against the unknown Succession of Pedro Emilio Boudens y Regnier, the corporation The Yabucoa Sugar Company, Minondo & Co., and María de las Mercedes Massanet y Sánchez. The corporation, the company, and Massanet y Sánchez demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and some of the defendants alleged also misjoinder of causes of action and of parties defendant. The court having sustained the demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action, and the plaintiffs having failed to take advantage of the permission granted them to amend said complaint, the District Court of Humacao rendered judgment on February 14, 1912, dismissing the complaint with costs in favor of the defendants, from which judgment the plaintiffs appealed.

After alleging in their complaint that they were the only children and universal heirs of Luisa Cora Hernández, who, being the widow of Jaime H. Murdock, contracted a second marriage in the year 1869 with Pedro Emilio Boudens Regnier, the appellants stated the following in their fourth allegation:

"That Emilio Boudens y Regnier contributed no property to his conjugal partnership with Luisa Cora y Hernández, but expressly received in trust all the inherited property and dowry of his said wife on the occasion and by reason of their said marriage and on various dates thereafter in different amounts aggregating a total of 138,289.064 *escudos,* equivalent to 69,144 *pesos* and 82 *centavos,* Spanish silver; that by reason of the aforesaid delivery the husband, said Emilio Boudens y Regnier, executed a deed on March 24, 1874, before Notary José Mariano Capó in which he acknowledged having assumed control, as the husband and therefore as lawful administrator under the law in effect at that time, of all of said paraphernal property and dowry amounting to said sum of 69,144 *pesos* and 82 *centavos,* Spanish money, impliedly and expressly acknowledging at the time he contracted the marriage, as well as thereafter, the existence of a legal, tacit, secret, general and privileged mortgage on all his

property, profits and incomes now in his possession, or which he may have in the future, to the amount of the principal and legal interest, as security and guaranty for the restitution to his wife or her heirs, from the date of the dissolution of such marriage, of the total amount of said dowry received by him in marital trust; that as additional or collateral guaranty and security, without prejudice to the legal security, the said husband, Boudens, executed another voluntary and special mortgage on the following property acquired and possessed by him during his marriage, in order to secure the aforesaid dowry received by him and legal interest thereon.''

The complaint described as such properties the plantations ''Nuevo Cuño'' and ''El Corazón'' which were alleged to be in the possession of those defendants who do not compose the Succession of Emilio Boudens, and further alleged that the mortgage referred to in the allegation quoted was recorded in 1874 in the old registry of mortgages and successively referred to and expressly acknowledged in the entries of the record of ownership; that the plaintiffs were under the *patria potestas* of Emilio Boudens Regnier until his death in 1893; that, afterwards, they resided for a number of years outside of this Island; that Emilio Boudens left no property whatsoever at his death and did not return the paraphernal property for which this action is brought; that the tacit and general mortgage granted them by law has not been substituted by a special mortgage either by Luisa Cora or her heirs, and that the plaintiff, Luisa Aquilina Boudens y Cora, who is the daughter of Emilio Boudens Regnier, has not accepted the inheritance from her father. After these allegations the complaint concludes with the prayer that the court decree that the Succession of Emilio Boudens Regnier restore to the plaintiffs the dowry and paraphernal property contributed by the mother to the conjugal partnership with Emilio Boudens Regnier and that on account of the insolvency of the latter at the time of his death the same should be paid by the defendants who are in possession of the property which belonged to the debtor, and

that in default of such payment the properties described in the complaint be sold at public auction.

The terms of the allegation quoted as well as those of the other counts of the complaint, of the prayer, and of the brief presented by the appellants, justify our conclusion that the appellants seek to recover under the legal, tacit and implied general and special mortgage which they allege their mother, Luisa Cora Hernández, possessed on the property which she delivered to her second husband, Pedro Emilio Boudens Regnier, therefore we must first ascertain whether the complaint shows that, as a matter of fact, such a mortgage existed in favor of the appellants' ancestor.

According to Law XVII, Title XI, *Partida* IV, and the judgments of the Supreme Court of Spain of May 23 and October 21, 1864, November 27, 1865, and April 8, 1884, followed by this court in the case of *Amy* v. *Amy*, 15 P. R. R., 387, the mere existence of paraphernal property does not imply *ipso facto* the responsibility of the husband's property, but it is necessary that certain requisites intervene in order to create such a liability, inasmuch as the law cited, which was in force at the time Luisa Cora Hernández contracted the marriage and at the time of her death, provides that if the paraphernal property is not expressly delivered to the husband, the wife shall continue to be the owner thereof; and the same is true if there should be any doubt as to whether she gave the property to the husband. The liability of the husband for said property attached from the moment of its delivery and for this reason the complaint should allege necessarily the nature of the paraphernal property and the facts showing that the delivery took place in order that the court may arrive at the conclusion that the delivery had been expressly made by the wife to the husband, for according to the judgment of the Supreme Court of Spain of March 28, 1874, it is the province of the trial court to find whether the wife made express delivery of the paraphernal property to the husband.

In the count of the complaint quoted herein it is stated that at the time of the marriage and at various times thereafter the husband received in various amounts the property now claimed by virtue of a general, secret, and tacit mortgage, which allegation is not sufficient to justify the conclusion that the delivery was made expressly and does not show either the date of the delivery or the manner and form in which the husband received the property; and although it is alleged in the complaint that the husband expressly received the said property, such words are a conclusion of law which cannot be permitted in the complaint because section 103 of the Code of Civil Procedure provides that a complaint must contain only facts; and further, because it is the conclusion at which the court is to arrive after reviewing the facts alleged tending to prove that such delivery was specially and expressly made.

If it is contended that the special and express delivery appears from the deed executed by the husband on March 24, 1874, in which he acknowledges that he had assumed control of all the dowry of Luisa Cora Hernández, we will say that according to the complaint said document is only an acknowledgment or confession of receipt, which is not sufficient to prove a special and express delivery which would create the tacit and secret mortgage granted under the law to a married woman as security for her dowry and paraphernal property, as was held in the judgments of the Supreme Court of Spain of June 28, 1890, and July 11, 1895, and followed by this court in the Amy case cited and in the case of *Prado* v. *Estate of Río,* 15 P. R. R., 574.

The complaint does not state facts sufficient to justify the conclusion that the  wife expressly delivered to her husband the paraphernal property and that as a consequence the general, tacit, and implied mortgage established by the Laws of *Partidas* was created in her favor.

The judgment appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.